LEE v. WHITE. (No. 8019.)

(Court of Civil Appeals of Texas. Ft. Worth. Oct. 17, 1914. Rehearing Denied Nov. 14, 1914.)

1. USURY (§ 22*)—PAYMENT OF USURY—EVIDENCE.

Where a note dated February 22, 1913, for $594, represented an indebtedness of $248.19 and a further sum of $200 with interest at 10 per cent. to be furnished during the year, and the maker paid during the year on the indebtedness sums aggregating $761.82, he paid usurious interest at least amounting to $125, for which judgment in double that amount could be rendered as authorized by Vernon's Sayles' Ann. Civ. St. 1914, art. 4982.

[Ed. Note.—For other cases, see Usury, Cent. Dig. §§ 41, 58–61, 63–65; Dec. Dig. § 22.*]

2. APPEAL AND ERROR (§ 747*)—CROSS-ASSIGNMENT—REVIEW.

A cross-assignment, wherein appellee insists that the judgment awarded him should have been for a greater amount, will not be considered where no statement was submitted under the assignment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3053–3056; Dec. Dig. § 747.*]

Appeal from District Court, Bosque County; O. L. Lockett, Judge.

Action by Henry White against W. A. Lee. From a judgment for plaintiff, defendant appeals. Affirmed.

H. J. Cureton, of Austin, for appellant. J. P. Word, of Meridian, for appellee.

CONNER, C. J. Appellee instituted this suit against appellant to recover double the amount of usurious interest, alleged to have been paid to appellant, as provided in article 4982, Vernon's Sayles' Tex. Civ. Statutes, upon contracts for the payment of money specified in the petition. The trial was before a jury, and the case submitted upon special issues, upon the answers to which the court entered judgment in appellee's favor in the sum of $250 with a cancellation of the obligations upon which the usurious interest had been paid, from which judgment this appeal has been perfected.

[1] It was admitted that appellee on the

22d day of February, 1912, executed to appellant a promissory note for the sum of $485, which was renewed on February 22, 1913, for the sum of $594. The jury found in answer to an issue submitted that the note for $485 was made up of a debt of $330, principal and interest, and an account for $51.30 which appellant had assumed and paid for appellee, and appellant attacks the finding on the ground that it is unsupported by the evidence. Appellee testified that he was indebted to one Carter upon a note for $300, which with its interest appellant had paid for him, and that the new note for $485 should have been for this amount only. Appellant, on the other hand, testified that, in addition to the Carter note, it was agreed that an additional sum of $100 should be included for future advances and a further small sum which he had paid for appellee, and all of which equaled the sum for which the note had been given. The jury's finding, being in the nature of a mere step, so to speak, in the ascertainment of the final result, does not seem to be directly material; for it is undisputed that, after the partial payments made by appellee upon the $485 note in 1912, there was a considerable balance which was included in the renewal note of the following year, after which appellee made his further payments, and the material question presented is whether upon appellee's debt as a whole he paid to appellant interest beyond that permitted by law as alleged. The finding under consideration therefore merely goes to show that the note for $485 was made for an excessive amount, and inasmuch as it is undisputed that but $188.87 was paid upon the note for $485, it is manifest that no actual usury was paid on this particular note. Moreover, if it could be said that the finding is material, the finding of the jury that in addition to the Carter debt the account for $51.30 entered into the $485 note was in appellant's favor, for to the extent of such account the note was questioned in the testimony of appellee. A reading of the testimony suggests that this finding of the jury was probably based upon the theory that appellant, as he testified, included in the $485 note $100 for advances during the year 1912, but that only the sum of $51.30 had in fact been advanced, thus determining that appellee's first note ought, including all interest, to have been made in the sum of $414.30, instead of for the sum of $485.

Another finding of the jury is to the effect that the amount that should have been included in the note for $594 executed on the 22d day of February, 1913, was a balance, including interest, of $248.19 due on the $485 note, and a further sum of $200 with interest thereon at the rate of 10 per cent. for one year to be furnished appellee during 1913, thus fixing the amount for which the $594 note should have been made at $468.19. This finding appellant also attacks, but we are unable to say that it is unsupported by the evidence. It is true appellant testified to advancements during the year 1913, amounting to $702.85; but a number of these advancements were specifically denied by appellee, and all of them in excess of $200 were denied in a general way. In the light of the evidence, we interpret the verdict of the jury to mean that the $594 note justly represented the indebtedness of the balance as found by them due on the $485 note, plus advances made by appellant during the year 1913 to the extent only of $200; the remaining items of such advancements as testified to by appellant being rejected.

[2] Appellant further urges that it has not been made to appear that appellee actually paid usurious interest, but the findings further show, and there seems to be little, if any, controversy in the evidence as to the fact that during the year 1913 appellee paid to appellant upon his indebtedness sums aggregating $761.82, from which it must appear, when considered in connection with the findings already adverted to, that appellee certainly paid usurious interest to the extent of $125 which is the basis of the court's judgment. Indeed, appellee by cross-assignment insists that the judgment should have been for a greater amount than was entered, but no statement whatever was submitted under such cross-assignment, and we therefore have not considered it.

On the whole, we conclude that all assignments of error should be overruled, and the judgment affirmed.